UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>Defendant. | Court File No. _____<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL** |

Defendant Airport Terminal Services, Inc. ("defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of the above-captioned action to this Court from the Hennepin County District Court, Fourth Judicial District, State of Minnesota. Defendant's Notice of Removal is based upon and supported by the following:

## THE STATE COURT ACTION

1. On or about March 5, 2010, defendant was served with a Summons and Complaint entitled Harrison v. Airport Terminal Services, Inc., venued in the Hennepin County District Court, Fourth Judicial District, State of Minnesota (the "State Court Action"). It appears that the Summons and Complaint have not been filed with the Hennepin County Court.

2. In his Complaint, plaintiff David Harrison ("plaintiff") seeks to bring claims on behalf of himself and others similarly situated for alleged wage violations under: (a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count I); and

1

(b) the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177 et seq. (Count II).

3. This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

4. The parties have agreed to a two-week extension of the period for defendant to answer or otherwise respond to plaintiff's Complaint.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on defendant (consisting of the Summons and Complaint) are attached to this Notice as Exhibit A.

## JURISDICTION BASED ON FEDERAL QUESTION

6. The State Court Action is removable because this Court has jurisdiction based on federal question.

7. The Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331 because one of plaintiff's causes of action arises under the laws of the United States; namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (see Count I of the Complaint, attached hereto as Exhibit A).

8. As the United States Supreme Court has held, FLSA claims may be removed to federal court. Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003) (plaintiff's right to litigate an FLSA claim in state court does not block a defendant's right to remove claim to federal court).

9. The State Court Action, therefore, may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(b) without regard to the citizenship or residence of the parties or the amount in controversy.

10. The Court may exercise supplemental jurisdiction over the state MFLSA claim pursuant to 28 U.S.C. § 1367, because the state MFLSA claim is so related to the FLSA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

## JURISDICTION BASED ON DIVERSITY

11. This case is removable solely on the presence of the FLSA claim, and the Court need not inquire further into whether it has jurisdiction over the matter.

12. But should the Court choose to do so, it would find that it also has original jurisdiction over the State Court Action based on diversity pursuant to 28 U.S.C. §§ 1332(a).

13. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction because the parties are citizens of different states and the matter in controversy exceeds $75,000.

14. At the time this action was filed, plaintiff was a citizen of the State of Minnesota (Compl. ¶ 1).

15. Defendant is a corporation incorporated under the laws of Missouri and has its principal place of business in St. Louis, Missouri. Therefore, pursuant to § 1332(c)(1), defendant is a citizen of the State of Missouri.

16. There is complete diversity of citizenship between the parties.

17. The $75,000 amount in controversy under § 1332(a) is also met.

18.     Though plaintiff has not specified an amount sought in his Complaint, plaintiff has asserted allegations that place the amount in controversy above $75,000.

19.     Plaintiff alleges he oftentimes worked 11 hours without a one hour meal break and, at other times, worked 16 to 18 hours without a one hour meal break (Compl. ¶ 19). Plaintiff seeks to recover for these alleged unpaid one hour meal breaks that were automatically deducted from his wages, as well as any alleged overtime hours worked, presumably over the three year statute of limitations period (Compl. ¶¶ 10, 21). Plaintiff seeks his actual alleged unpaid wages for himself and others, liquidated damages, statutory attorneys' fees, and interest. Based on his allegations, plaintiff's potential damages are in excess of $75,000.

20.     Because the diversity requirements under § 1332(a)(1) are met, this action is removable under § 1441(a).

## NOTICE PROVIDED TO PLAINTIFF AND STATE COURT

21.     Pursuant to 28 U.S.C. § 1446(d), defendant has given written notice of its filing of this Notice of Removal to counsel for plaintiff. On the same date as this Notice of Removal was signed, defendant served by mail and through ECF a copy of this Notice of Removal upon Plaintiff's counsel at the address set forth in the Complaint: Eric D. Satre, Jones, Satre & Weimer, PLLC, 820 Wells Fargo Tower, 7900 Xerxes Avenue South, Bloomington, MN 55431.

22.     On the same date as this Notice of Removal was signed, defendant also served and filed by messenger a copy of this Notice of Removal with the District Court Administrator for Hennepin County, Fourth Judicial District, Minnesota, the district in

which this action was commenced and pending at the time this Notice of Removal was filed with this Court.

**WHEREFORE**, defendant respectfully requests that the above-entitled action now pending against it in the Hennepin County District Court, Fourth Judicial District, Minnesota, be removed therefrom to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Date: April 2, 2010

s/Kelly A. Moffitt
Cynthia A. Bremer, #273119
Kelly A. Moffitt, #341009
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, MN 55402
Tel:  (612) 339-1818
Fax:  (612) 339-0061
cynthia.bremer@ogletreedeakins.com
kelly.moffitt@ogletreedeakins.com

- *and* -

Gregg M. Lemley (*pro hac vice* forthcoming)
Heidi K. Durr (*pro hac vice* forthcoming)
Erin E. Williams (*pro hac vice* forthcoming)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Tel:  (314) 802-3935
Fax:  (314) 802-3936
gregg.lemley@ogletreedeakins.com
heidi.durr@ogletreedeakins.com
erin.williams@ogletreedeakins.com

***Attorneys for Defendant***