|  |  |
|---|---|
| STATE OF MINNESOTA | CASE TYPE: EMPLOYMENT<br>DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

David Harrison,

    Plaintiff,

v.

Airport Terminal Services, Inc.,

    Defendant.

Court File No.: _____
Judge: _____

**SUMMONS**

### THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorneys an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Rule 114 of the Minnesota General Rules of Practice provides for use of Alternative Dispute Resolution ("ADR") in most cases. Notice of ADR processes will be provided by the Court Administrator after this action is filed.

Date: 3/5/10

JONES, SATRE & WEIMER, PLLC

By: _____
Eric D. Satre, (Atty. Id. # 183015)
820 Wells Fargo Tower
7900 Xerxes Avenue South
Bloomington, MN 55431
(952) 820-8400
Fax: (952) 820-8410

1

|  |  |
|---|---|
| STATE OF MINNESOTA | CASE TYPE: EMPLOYMENT<br>DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

David Harrison,

    Plaintiff,

v.

Airport Terminal Services, Inc.,

    Defendant.

Court File No.: _____
Judge: _____

## COMPLAINT

David Harrison, Plaintiff above-named, for his cause of action against Airport Terminal Services Inc., Defendant above-named, states and alleges as follows:

### Parties and Venue

1. Plaintiff David Harrison (hereinafter "Plaintiff" or "Harrison") is an adult male Minnesota resident.

2. Defendant Airport Terminal Services, Inc. is a Missouri corporation with its registered agent for service in Minnesota located at 100 South 5th Street #1075, Minneapolis, Minnesota 55402 (hereinafter "Defendant" or "Defendant ATS").

### Factual Background

3. Plaintiff Harrison was employed by Defendant from November 22, 2006 through August 22, 2009. He worked as ramp agent first and then he became a non-exempt ramp lead and fill in Supervisor in 2008.

4. Plaintiff regularly worked in excess of forty hours per work week and did not receive the proper overtime compensation for all hours worked. This is a result of Defendant forcing employees to work off the clock during their lunchtimes.

5. Defendant had in place, at all relevant times material to this lawsuit, a systematic scheme of not paying employees for one hour minutes during its work day and automatically subtracting that time without the employee's consent. The FLSA provides that employers must pay non-exempt employees overtime compensation for each hour over 40 hours per week. Deductions from time are not permitted for time worked.

1

5.  Upon information and belief, there are other similarly situated employees of Defendant that are being deprived of duly earned overtime compensation in the past and present. Upon further information and belief, this matter is most likely a collective action for past and present employees and injunctive relief may be necessary on behalf of the present employees who have been forced to work off the clock due to Defendant's policy of deducting one half hour of time whether or not plaintiffs actually worked that time.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATION
## 29 U.S.C. § 201

6.  Plaintiff Harrison alleges and incorporates herein by reference the allegations in the proceeding paragraphs.

7.  At all times relevant, Defendant Airport Terminal Services, Inc. has been, and continues to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (hereinafter "FLSA"). At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

8.  The FLSA requires each covered employer, such as Defendant herein, to compensate all non-exempt employees at a rate of not less than one and one half times the regular rate of pay for work performed in excess of forty hours per work week.

9.  Plaintiff Harrison is entitled to be paid overtime compensation for all hours worked in excess of forty. In addition Defendant is not entitled to make deductions form wages for hours that are worked.

10. Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Harrison for all hours worked in excess of forty hours.

11. By failing to provide Plaintiff Harrison overtime compensation, Defendant has violated the FLSA, 29 U.S.C. § 201 et seq.

12. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

13. Plaintiff Harrison seeks damages in the amount of his respective unpaid time wrongfully deductions, unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper and just.

14. Plaintiff Harrison seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

2

## COUNT II
### Wage claims under Minn. Stat. Chapter 177

15. Plaintiff's realleges the allegations contained in paragraphs 1 – 14 of this Complaint.

16. At all relevant times herein, Airport Terminal Services, Inc. was plaintiff's "employer" within the meaning of Minn. Stat. §177.

17. The defendants' failure and refusal allow the plaintiff to take lunch breaks was a direct violation of Minnesota Statutes Section 177. Plaintiff frequently worked for eight or more consecutive hours was not given sufficient time to eat a meal, as required by Minnesota Statutes Section 177.

18. Defendants' denial of the lunch break oftentimes occurred during periods when Plaintiff was required to work longer shifts without a lunch break.

19. As a result, Plaintiff would oftentimes be forced to work the entire 11 hour period without being able to receive a meal break. In addition there were times when Plaintiff was forced to work 16 to 18 hours without a lunch break.

20. Even though Plaintiff brought that situation to the attention of his Managers, he still was forced to endure the hardship of working without the meals.

21. Plaintiff was also forced, by company policy of automatically deducting time, to work off the clock during those lunch hours. When he requested payment for his time worked during those lunch hours he was told that he must make a written request and the written requests would often be "lost."

22. As a result of the practice of denying him lunches plaintiff has been harmed.

### RELIEF

1. Declaring defendants' actions to violate the plaintiffs' and members' of the class and collective actions rights in each of the respective claims asserted above;

2. Restraining and enjoining the defendants from engaging in unlawful conduct in the future;

3. Ordering that this case be maintained as a collective action with respect to the federal overtime wage claims described herein and that collective action opt-in procedures be adopted.

4. Ordering that this case be maintained as a class action with respect to the Minnesota statutory overtime, lunch break and unpaid-wage claims described herein and that a

3

notice to the members of the class be issued in accord with the Minnesota Rules of Civil Procedure.

5. Declaring that the defendants' violations of the FLSA and the Minnesota FLSA were willful;

6. Awarding each of the plaintiffs and members of the collective and class actions damages in the amount of overtime and unpaid-wage compensation as may be determined at trial, attorneys' fees and costs and disbursements incurred herein;

7. Awarding to the plaintiffs and members of the collective action liquidated damages in amounts equal to the overtime and unpaid-wage compensation awarded to them, or, in the alternative, prejudgment interest;

8. Granting other and further relief as may be deemed just and equitable.

**JURY TRIAL DEMANDED**

The plaintiffs request a jury trial on all questions of fact raised by the Complaint.

Date: 3/5/10

**JONES, SATRE & WEIMER, PLLC**

By: _____
Eric D. Satre, (Atty. Id. # 183015)
820 Wells Fargo Tower
7900 Xerxes Avenue South
Bloomington, MN 55431
(952) 820-8400
Fax: (952) 820-8410

**ACKNOWLEDGMENT REQUIRED PURSUANT TO MINN. STAT. § 549.211, SUBD. 1**

Plaintiff, through the undersigned, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, Subd. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned or his client acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the Court.

Date: 3/5/10

_____
Eric D. Satre (Atty. Id. # 183015)

4