UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>Defendant. | Court File No. 0:10-cv-01078-PJS-FLN<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES |

Defendant Airport Terminal Services, Inc. submits its answer and affirmative and other defenses to plaintiff's Complaint:

**Parties and Venue**

1.  In response to the allegations contained in paragraph 1 of plaintiff's Complaint, defendant admits that plaintiff is an adult male. Upon information and belief, defendant states that it believes plaintiff is a Minnesota resident.

2.  Defendant admits the allegations contained in paragraph 2 of plaintiff's Complaint.

**Factual Background**

3.  In response to the allegations contained in paragraph 3 of plaintiff's Complaint, defendant states plaintiff was employed by defendant from on or about November 22, 2006, through on or about August 22, 2009. Defendant further states plaintiff was first employed as a Ramp Agent, and in 2008, he was promoted to Ramp Lead Agent and occasionally acted as an Acting Supervisor. Defendant further states

1

plaintiff held only non-exempt positions throughout his employment with defendant. To the extent this answer conflicts with the allegations contained in paragraph 3 of plaintiff's Complaint, defendant denies the same.

4.  Defendant denies the allegations contained in paragraph 4 of plaintiff's Complaint.

5.  Defendant denies the allegations contained in paragraph 5 of plaintiff's Complaint.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATION
## 29 U.S.C. § 201

6.  Defendant incorporates by reference its answers to all preceding paragraphs.

7.  Defendant states that the allegations contained in paragraph 7 of plaintiff's Complaint contain legal conclusions to which no affirmation or denial is required. To the extent a further response is required, defendant denies the allegations contained in paragraph 7 of plaintiff's Complaint.

8.  Defendant states that the allegations contained in paragraph 8 of plaintiff's Complaint contain legal conclusions to which no affirmation or denial is required. To the extent a further response is required, defendant denies the allegations contained in paragraph 8 of plaintiff's Complaint.

9.  The allegations contained in paragraph 9 of plaintiff's Complaint make legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of plaintiff's Complaint.

10. Defendant denies the allegations contained in paragraph 10 of plaintiff's Complaint.

11. Defendant denies the allegations contained in paragraph 11 of plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of plaintiff's Complaint.

13. Defendant denies that plaintiff is entitled to the damages he alleges in paragraph 13 of plaintiff's Complaint and denies any other allegations contained in paragraph 13 of plaintiff's Complaint.

14. Defendant denies that plaintiff is entitled to attorneys' fees and costs as alleged in paragraph 14 of plaintiff's Complaint and denies any other allegations contained in paragraph 14 of plaintiff's Complaint.

## COUNT II
### Wage claims under Minn. Stat. Chapter 177

15. Defendant restates its answers to paragraphs 1-14 of plaintiff's Complaint.

16. Defendant states that the allegations contained in paragraph 16 of plaintiff's Complaint contain legal conclusions to which no affirmation or denial is required.  To the extent a further response is required, defendant denies the same.

17. Defendant denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint.

## RELIEF

Defendant denies that plaintiff is entitled to any relief as a result of the allegations raised in plaintiff's Complaint, and in particular, denies that plaintiff is entitled to the relief sought in the paragraphs numbered 1-8 found in the RELIEF section set forth at the conclusion of plaintiff's Complaint.

## ADDITIONAL ANSWERS AND AFFIRMATIVE AND OTHER DEFENSES

23. Except as expressly admitted herein, defendant denies each and every allegation contained in plaintiff's Complaint.

24. Defendant asserts that plaintiff's Complaint must be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

25. Defendant asserts that plaintiff's claim pursuant to the Fair Labor Standards Act (FLSA) fails as a matter of law because plaintiff's employment with defendant is exempt from the overtime provisions of the FLSA because plaintiff was an employee of a

common carrier by air subject to Title II of the Railway Labor Act (29 U.S.C. sec. 213(b)(3)).

26.    Defendant asserts that plaintiff's state law claim pursuant to the Minnesota Fair Labor Standards Act (MFLSA), Minn. Stat. Ch. 177, is preempted by the FLSA because the FLSA fully comprehends and envelops the remedies provided to plaintiff under the MFLSA.

27.    Claims for non-compensable time are barred by 29 U.S.C. § 254(a) and the MFLSA to the extent it is applicable.

28.    Plaintiff's claims for non-compensable *de minimis* time and time that was not plaintiff's "principal activity" are barred by 29 U.S.C. 254(a) and the MFLSA to the extent it is applicable.

29.    Plaintiff's claims are barred for hours allegedly worked without defendant's actual or constructive knowledge.

30.    At all times, defendant acted in good faith by conforming with, and exceeding, any applicable obligations and authorities' interpretations under the FLSA and/or the Minnesota Fair Labor Standards Act (MFLSA) and their implementing regulations.  Accordingly, overtime, unpaid-wage compensation, liquidated damages, attorneys' fees, costs, and interest are not available or warranted under the FLSA and/or the MFLSA.

31.    Notwithstanding applicable exemptions and without assuming the burden of proof, any alleged violation of the FLSA or the MFLSA by defendant was not willful and, therefore, all claims are limited to a two year limitations period calculated from the

date plaintiff filed suit, or the date any future plaintiff files his or her written consent to join this action.

32. Defendant asserts that plaintiff's claims are barred to the extent they seek damages for alleged conduct outside the applicable statutes of limitations.

33. Defendant asserts that plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

34. Plaintiff's claims are estopped by plaintiff's failure to submit accurate information regarding the time he allegedly worked.

35. Defendant is entitled to an offset against any amounts due equal to the amount defendant overpaid plaintiff and for other amounts paid to plaintiff.

36. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining defendant's liability and/or damages, if any, to members of the purported collective or class action on a group or aggregated basis.

37. Defendant asserts that plaintiff has failed and neglected to use reasonable means to protect himself from loss and to mitigate the alleged losses and damages complained of in his Complaint.

38. Defendant reserves the right to assert any additional defenses that become known during discovery.

**WHEREFORE**, defendant respectfully requests that plaintiff's Complaint be dismissed in its entirety, with an award of costs to defendant, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Date: April 9, 2010                     <u>s/Kelly A. Moffitt</u>
Cynthia A. Bremer, #273119
Kelly A. Moffitt, #341009
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, MN 55402
Tel:   (612) 339-1818
Fax:   (612) 339-0061

           *- and -*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Gregg M. Lemley, admitted *pro hac vice*
Heidi Kuns Durr, admitted *pro hac vice*
Erin E. Williams, admitted *pro hac vice*
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Tel:   (314) 802-3935
Fax:   (314) 802-3936

***Attorneys for Defendant***

8443808.2 (OGLETREE)