## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HARRISON,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>        Defendant. | Case No. 0:10-cv-01078-PJS-FLN<br><br>**JOINT RULE 26(f) REPORT**<br>**TELEPHONIC HEARING**<br>**REQUESTED** |

The counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on April 21, 2010, and prepared the following report.

The pretrial conference in this matter is scheduled for May 28, 2010, at 9:30 a.m. before the United States Magistrate Judge Franklin L. Noel in chambers at Suite 9W, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.  The parties *do* request that Gregg M. Lemley, lead counsel for the Defendant, be allowed to attend the pretrial conference by telephone, with Defendant being represented in person by Kelly A. Moffitt.

(a)    Description of Case

    (1)    Concise Factual Summary of Plaintiff's Claims:

        In Plaintiff's Complaint, he alleges Defendant failed to pay him overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and failed to allow him to take lunch breaks in violation of the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.254.  In addition, Plaintiff alleges "this matter is most likely a collective action for past and present employees" of Defendant.

    (2)    Concise Factual Summary of Defendant's Claims/Defenses:

        Defendant asserts, first, that Plaintiff's claim pursuant to the FLSA fails as a matter of law because Plaintiff's employment, and that of all other similarly situated employees, is exempt from the overtime provisions of the FLSA because Plaintiff is an employee of a common carrier by air subject to the Railway Labor Act.  Defendant also asserts that any claim pursuant

to the Minnesota Fair Labor Standards Act fails because Plaintiff was provided meal breaks and was properly paid for all hours worked. Defendant's defenses are more specifically pled in its Answer to Plaintiff's Complaint and its Motion for Summary Judgment on Count I of Plaintiff's Complaint and the Memorandum in Support thereof.

(3)    Statement of Jurisdiction (including statutory citations):

Plaintiff's allegations against Defendant include a claim under the Fair Labor Standards Act.   Thus, this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.   In addition, Plaintiff is a citizen of Minnesota, and Defendant is a corporation incorporated under the laws of Missouri, with its principal place of business in Missouri.   Thus, this Court also has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

(4)    Summary of Factual Stipulations or Agreements:

None reached at this time.

(5)    Statement of whether a jury trial has been timely demanded by any party:

Plaintiff demanded a jury trial in the Complaint.

(6)    If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, a statement of the parties' agreement:

The parties do not wish to proceed under the Rules of Procedure for Expedited Trials.

(b)   Pleadings

(1)    Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action.

All process has been served and all pleadings to date have been filed. Plaintiff purports to bring this case as a collective action, which would add new parties to the action.

(2)    Proposed date by which all hearings on motions to amend and/or add parties to the motion shall be heard:

Date: **July 28, 2010**.

(b-2)   Class Allegations

(1)   If Plaintiff decides to support his anticipated motion for class or collective action certification with expert testimony, then Plaintiff shall disclose such experts and provide expert reports by **July 28, 2010**.  Plaintiff shall make any such experts available for deposition by **August 25, 2010**.

(2)   If Defendant decides to support its opposition to motion for class or collective action certification with expert testimony, then Defendant shall disclose such experts and provide expert reports by **October 25, 2010**. Defendants shall make any such experts available for deposition by **November 22, 2010**.

(3)   Plaintiff will disclose the identity of all witnesses who may provide testimony in support of his anticipated motion for class or collective action certification **within forty-five (45) days from the date he intends to file his motion**.  Defendants will disclose the identity of all witnesses who may provide testimony in response to Plaintiff's anticipated motion for class certification **within thirty (30) days after Plaintiff's disclosures**.

(4)   Plaintiff will file his motion for class or collective action certification of his claims by **December 10, 2010**.  A brief in opposition is due 30 days after the date the motion is filed.

(5)   If the Court should grant Plaintiff's motion for class or collective action certification, then notice of the class action, as agreed to by the parties or ordered by the Court, should be sent to the putative class members **within thirty (30) days of the Court's order regarding class certification**.  The parties propose that putative class members have **sixty (60) days** to opt in or out of the class or collective action as applicable.

(c)   Discovery Limitations

(1)   The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

(A)   Plaintiffs may collectively serve 35 interrogatories on Defendants. Defendant may serve 20 interrogatories on the named Plaintiff(s) and 10 interrogatories on each additional class member;

3

      (B)    Plaintiffs may collectively serve 75 document requests on Defendants. Defendant may serve 35 document requests on the named Plaintiff(s) and 25 document requests on each additional class member;

      (C)    20 factual depositions per side (excluding expert depositions);

      (D)    Plaintiffs may collectively serve 50 requests for admissions on Defendants. Defendant may serve 35 requests for admissions on the named Plaintiff(s) and 25 requests for admissions on each additional class member;

      (E)    1 Rule 35 medical examination per side;

(d)    Discovery Schedule/Deadlines

    (1)    The parties recommend that the Court establish the following discovery deadlines:

        (A)    The deadline for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions shall be **within seven (7) months following the Court's order on Plaintiff's anticipated motion for class or collective action certification**.

        (B)    The deadline for completion of all Rule 35 medical examinations shall be **within seven (7) months following the Court's order on Plaintiff's anticipated motion for class or collective action certification**.

    (2)    If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required to use Form 6 as a template for the proposed Protective Order, they shall present with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

        The parties intend to enter into a Protective Order consistent with the Form 6 template.

(e)    Experts

    The parties anticipate that they may require expert witnesses at the time of trial.

    (1)    Plaintiff anticipates calling 0-1 experts in the field of: damages.

(2)     Defendant anticipates calling 0-1 experts in the field of: damages.

(3)     The parties, pursuant to Local Rule 26.3(a), recommend the disclosure and discovery option as follows (see paragraph immediately below):

(4)     The parties recommend that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a)(2), as modified by Local Rule 26.3:

    (A)     Deadlines for all parties' identification of expert witnesses (initial and rebuttal) (Fed. R. Civ. P. 26(a)(2)(A)):  **Plaintiff, within two (2) months following the Court's order on Plaintiff's anticipated motion for class certification; Defendant, within three (3) months following the Court's order on Plaintiff's anticipated motion for class certification**.

    (B)     Deadlines for completion of disclosure or discovery of the substance of expert witness opinions:  **Plaintiff, within two (2) months following the Court's order on Plaintiff's anticipated motion for class certification; Defendant, within three (3) months following the Court's order on Plaintiff's anticipated motion for class certification**.

    (C)     Deadlines for completion of expert witness depositions, if any: **within five (5) months following the Court's order on Plaintiff's anticipated motion for class certification**.

(f)     Motion Schedule

(1)     The parties recommend that motions be filed and served on or before the following dates:

    (A)     Non-dispositive motions: **within eight (8) months following the Court's order on Plaintiff's anticipated motion for class certification**.

    (B)     Dispositive motions: **within thirty (30) days following the close of discovery**.

(g)     Trial-Ready Date

(1)     The parties agree that the case can reasonably be ready to be set for trial **five (5) months following the close of discovery**.

(2)    A final pretrial conference should be held **within thirty (30) days prior to the trial date**.

(h)    Insurance Carriers/Indemnitors

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

Self insured.

(i)    Settlement

(1)    The parties will discuss settlement before May 28, 2010, the date of the initial pretrial conference, by Plaintiff making a written demand for settlement and Defendant making a written response/offer to Plaintiff's demand.

(2)    The parties believe that a settlement conference may be appropriate and should be scheduled by the Court after the parties have completed discovery.

(3)    The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court: the parties believe a settlement conference should be scheduled by the Court after the parties have completed discovery.

(j)    Trial by Magistrate Judge

(1)    The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

Dated: May 14, 2010

Dated: May 14, 2010


*s/ Eric D. Satre (with consent)*
Eric D. Satre, #183015
Jones, Satre & Weimer, PLLC
820 Wells Fargo Tower
7900 Xerxes Avenue South
Bloomington, MN 55431
Phone: (952) 820-8400
Facsimile: (952) 820-8410
**ATTORNEY FOR PLAINTIFF
DAVID HARRISON**

*s/ Erin E. Williams*
Gregg M. Lemley, admitted *pro hac vice*
Heidi Kuns Durr, admitted *pro hac vice*
Erin E. Williams, admitted *pro hac vice*
Ogletree, Deakins, Nash, Smoak &
        Stewart, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936

*~ and ~*

Cynthia A. Bremer, #273119
Kelly A. Moffitt, #341009
Ogletree, Deakins, Nash, Smoak &
        Stewart, P.C.
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, MN 55402
Phone: (612) 339-1818
Facsimile: (612) 339-0061

**ATTORNEYS FOR DEFENDANT
AIRPORT TERMINAL SERVICES,
INC.**

8496605.2 (OGLETREE)

7